NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-10575 |
| Plaintiff - Appellee, | D.C. No. CR-07-00603-JW-1 |
| v. | |
| KENNETH VAN AALSBURG, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted November 4, 2009
San Francisco, California

Before: B. FLETCHER, CANBY, and GRABER, Circuit Judges.

Defendant Kenneth Van Aalsburg pleaded guilty to possession of child

pornography in violation of 18 U.S.C. § 2252(a)(4)(B). He appeals from the

district court's application of certain sentencing enhancements. We conclude that

the sentencing enhancements were properly applied and, thus, affirm.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1.  Defendant first contends that the district court erred by applying a "preponderance of the evidence" standard because the disputed sentencing enhancements had a disproportionate effect on his sentence. United States v. Jordan, 256 F.3d 922, 928 (9th Cir. 2001). We hold that any error was harmless beyond a reasonable doubt because clear and convincing evidence supported the disputed enhancements. See United States v. Mezas de Jesus, 217 F.3d 638, 642 (9th Cir. 2000) (stating harmless error standard).

2.  We review de novo the district court's interpretation of the Sentencing Guidelines, and we review for clear error the district court's findings of fact. United States v. Garro, 517 F.3d 1163, 1167 (9th Cir. 2008). "We have noted an intracircuit conflict regarding whether we review application of the Guidelines to the facts for an abuse of discretion or de novo." United States v. Rivera, 527 F.3d 891, 908 (9th Cir.), cert. denied, 129 S. Ct. 654 (2008). Again, though, the choice of a standard does not affect the outcome here, because the district court properly applied the sentencing enhancements.

There was sufficient evidence that Defendant possessed more than 600 images of actual children engaged in sexually explicit conduct. All 7000 images were in Defendant's possession even though some of the images had been deleted

or otherwise placed in "lost space" on Defendant's computer drive. And actual children need not be specifically identified.

There was also sufficient evidence that Defendant possessed material involving prepubescent minors and material displaying sadistic or masochistic conduct. First, Defendant admitted to possessing such material at the time that he pleaded guilty. Second, there was testimony that some images of these types depicted actual, identified children engaged in sexual conduct. Third, the district court itself viewed some images.

The government did not have to prove that the children depicted were still alive at the time of the offense. Child pornography is unprotected speech not only because of the ongoing harm inflicted on children by the "permanent record" of their suffering, but also because of the harm involved in its production. Ashcroft v. Free Speech Coalition, 535 U.S. 234, 249-50 (2002) (citing New York v. Ferber, 458 U.S. 747, 759-60 (1982)).

AFFIRMED.